Archibald C. Wemple, J.
In this action the plaintiff sues to recover moneys in the amount of $3,000 loaned to the defendant on or about December 10, 1958, together with the interest thereon. The defendant admits the loan but as a separate defense sets up an alleged “ corrupt and unlawful agreement ” under which he was required to and asserts he did pay in connection with the loan a sum in excess of the legal rate of 6%. In essence, the plaintiff asserts that he wants the recovery of the money he loaned to the defendant. And, in essence, the *251 defendant says 1 £ I borrowed the money but the loan is void because I had to pay a £ bonus (See General Business Law, §§ 370-373 inclusive.)
The transaction in question was concurrent with or the aftermath of a closeout of a previous loan by the plaintiff to the defendant in the sum of $10,000. In fact, some of the negotiations of the loan agreement appear to have happened at or about the time the $10,000 loan was terminated.
The time when the $3,000 loan in question was made may become a very important factor in the determination of the issues in this lawsuit. The chattel mortgage security instrument set up in the plaintiff’s pleadings appears to have been executed by the defendant on December 10, 1958. The pleadings and the affidavits submitted herein variously refer to the date of the loan agreement as December 10, 1958 or December 11, 1958. However, at some time it is conceded that the defendant paid to the plaintiff by check the sum of $260. The time of this payment and the purpose of this payment and the legal effect of this payment all constitute issues of fact. Some additional questions naturally arise out of the transactions such as, was the payment intended to be in addition to legal interest chargeable and, therefore, usurious ? — was the loan made on condition of the payment of the extra charge? — was the additional sum a subsequent transaction not affecting the original legal contract? — if, in fact, subsequent in time, was it a gift or was it for services legitimately rendered? — was the payment voluntary or was it made for the purpose of inducing the loan? — and finally, did the borrower defendant by his actions waive the defense of usury?
It is clear indeed that there are many questions of fact to be determined and which can only be determined upon a trial of the issues. Some of the issues apparent in the pleadings and affidavits have been alluded to herein. There may be additional issues and a trial is clearly indicated to determine all of the issues at one and the same time. Motion for summary judgment is denied.